PEOPLE ex rel. HALLERAN v. CREELMAN et al., Civil Service Com'rs.

(Supreme Court, Special Term, New York County.   September 9, 1911.)

1. MUNICIPAL CORPORATIONS (§ 217*)—MUNICIPAL EMPLOYÉS—CIVIL SERVICE.
    RULES—PROMOTION.

    Relator was appointed from the civil service eligible list to the position of assistant engineer in the water department, and thereafter the municipal civil service commission amended its rules and placed the position of assistant engineer in the fourth grade of the engineer service.  The grades were based in part on the amount of salary allowed in each grade, and examinations were prescribed for promotion from one grade to another, and after this classification went into effect the water board increased relator's salary from $2,000 to $2,400 (the pay established for grade 4), and the commission refused to certify his pay roll, on the ground that it was a promotion, and that relator had not been examined and certified. *Held*, that the relator was an assistant engineer, whether his salary was higher or lower than that paid in grade 3, and that it was not a promotion, as relator was already an assistant, and not a competitor with those eligible to appointment, and that an application to compel a certification of his pay roll would be granted.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576–580; Dec. Dig. § 217.*]

2. MANDAMUS (§ 151*)—MUNICIPAL OFFICERS AND BOARDS—PARTIES.

    In a mandamus proceeding by a person holding a civil service position against the municipal civil service commission, where it is not claimed that the existing rules are not proper, but that relator's right is not affected by them, and where the records of the commission disclose to them the facts showing the validity of his right to his position, and where there is no attempt to secure a reclassification of the noncompetitive class, and no attack on the constitutionality of the commission's rules, the mayor and the state civil service commission are not necessary parties.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 291, 292; Dec. Dig. § 151.*]

Application by the People, on the relation of Leslie G. Halleran, against James Creelman and others, as Municipal Civil Service Commissioners, for an order to compel certification of relator's pay roll. Granted.

Kellogg & Rose, for relator.
Archibald R. Watson, Corp. Counsel.

DELANY, J.   The relator, having qualified by examination and having been placed on the civil service eligible list, was duly appointed in October, 1906, an assistant engineer, at a salary of $1,350 per year, by the board of water supply of the city of New York. In September, 1909, his salary was increased to $2,000 a year, and he has continued in his employment as assistant engineer since his appointment.   On November 10, 1909, the municipal civil service commission amended its rules and placed the position of assistant engineer under a classification denominated "the engineer service, class 1, civil," and subdivided this classification into six grades—grade 1, axeman; 2, rodman; 3, transitman and computer; 4, assistant engineer, and so on.   In these several grades were evidently included

men doing the distinctive kind of work which the respective titles of their positions indicated; the three lower grades seemingly being engaged in occupations incidental to the earlier experience and training of an engineer. These grades were also distinguishable from each other by the amount of salary allowed in each. When this scheme went into effect the relator was receiving $2,000 a year; but in February, 1911, the board of water supply increased his salary to $2,400 a year. The municipal civil service commission refused to certify his pay roll at this salary on the ground that it was a promotion from one grade to another and that the relator had not passed the required examination and been certified under the rules.

[1] The amended rules, where the grades were based in part on the salary received, prescribed such examination, and the board claims that in effect the relator belonged to the grade to which his salary was appropriate. This position does not seem defensible. It is clearly not in accordance with the law as laid down in People ex rel. Lodholz v. Knox, 58 App. Div. 541, 69 N. Y. Supp. 602. The relator did not belong to grade 3, which comprehends no positions higher than leveler and transitman. He was an assistant engineer, no matter whether his salary was lower or higher than that given employés in grade 3. It is contended that his increase of salary is a promotion, and that there are other candidates who have passed the examination entitling them to advance to the fourth grade; that the action of the board of water supply is prejudicial to them, and that the relator's right is contestable. But these candidates for promotion are not assistant engineers, although eligible to be appointed such; whereas, the relator is already an assistant engineer. He is therefore not a competitor with them. None of them "blocks his way."

[2] Nor can I accept the suggestion that this motion is a collateral attack on the civil service rules, and therefore requires that the mayor and the state civil service commission be made parties. It is not claimed that the existing rules are not proper and binding on those affected by them; but it is urged that the relator's right is not affected by them, so as to reduce him to the post of leveler and transitman and require him to pass another examination for the same position which he now lawfully occupies. The records of the municipal civil service commission disclose to the commission the facts showing the validity of his right to his position as assistant engineer. The constitutionality of their rules is not attacked here, as in Hubur v. Adam, 116 App. Div. 613, 101 N. Y. Supp. 925; nor is this motion directed to securing a reclassification or a noncompetitive class, as in the other cases cited, for this could not be done without the action of these officers. It is not their duty to certify pay rolls in the city of New York; but it is the duty, in a proper case, for the municipal civil service board to do so. It is to compel the performance of this duty that this application is made.